

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111280 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 21SL-CR04046-01 |
| | ) | |
| DAWONA COOK, | ) | Honorable Thomas C. Albus |
| | ) | |
| Appellant. | ) | Filed: April 16, 2024 |

**Introduction**

Appellant Dawona Cook appeals the circuit court's judgment, following a jury trial, finding her guilty of third-degree domestic assault, Section 565.074, second-degree kidnapping, Section 565.090, and armed criminal action, Section 571.025.[1] In her single point on appeal, Appellant argues that the circuit court plainly erred in initially overruling her objection to the State's statement to the venire panel and failing to give a proper curative instruction. Because Appellant affirmatively agreed with the circuit court's curative instruction and failed to renew her objection afterwards, Appellant waived plain error review. We affirm the judgment of the circuit court.

---

[1] All statutory references are to RSMo. (cum. supp. 2021) unless otherwise indicated.

## Factual and Procedural Background

Following a jury trial, Appellant was convicted of one count of third-degree domestic assault, one count of second-degree kidnapping, and one count of armed criminal action. The jury was unable to reach verdicts on one count each of second-degree domestic assault, unlawful use of a weapon, first-degree kidnapping, and on another count of armed criminal action. Each count involved Appellant's conduct against Victim, with whom Appellant had been in a continuing social relationship of a romantic or intimate nature. The court sentenced Appellant to a total of seven years' imprisonment as a prior felony offender.

Appellant and Victim had been cohabitating in an "up-and-down" dating relationship until terminating their relationship and moving out of their shared residence about one week prior to the charged incident. Afterwards, Appellant had called Victim several times, but Victim had blocked her number and did not answer. On September 18, 2021, Appellant called Victim at 1:30 a.m. Victim answered the phone because she had been asleep and did not look at the number beforehand. Appellant told Victim to come outside and threatened to "shoot up" both the house that Victim was in and Victim's grandmother's house.

Victim went outside, and Appellant immediately started fighting with her. Appellant hit Victim in the head with the butt of a pistol several times, "shot off maybe three or four rounds," and ordered Victim to get into the passenger seat of Appellant's vehicle at gun point. Victim was bleeding profusely from the head. Victim got into the vehicle, Appellant ordered her to turn off the location tracking on her phone, and they drove off, continuing to fight. While turning through an intersection, Appellant's vehicle was struck on the driver's side by another car. Thereafter, Victim exited Appellant's vehicle and ran behind a nearby convenience store to call the police as

Appellant called for her to get back into the vehicle. Victim hid behind the convenience store until the police arrived.

At Appellant's trial, during the State's *voir dire*, the State made the following statements to the venire panel:

> So I anticipate you guys will have conflicting testimony. That's how this usually goes. You'll have to decide which witnesses you believe based off the evidence, based off their demeanor, based off their bias, and decide what is the truth. That's the job of the jury. Just because two people say two different things doesn't mean that is necessary not beyond a reasonable doubt. [sic] It doesn't necessarily mean that two different things happened. Obviously one thing happened, so we have to decide based off of everything, who is telling the truth, right? Does that sound right?

Appellant objected, arguing that the State had misstated the law by informing the venire panel that their duty was to "find the truth." Appellant instead argued that the jury's role is "to measure whether or not the State has proven their case beyond a reasonable doubt, no matter whether they found the truth or not," emphasizing that "there is no affirmative duty to find the truth." During a brief bench conference, Appellant agreed with the court's summary of her objection and asked the court to present that summary to the venire panel as a curative instruction. The court stated:

> So members of the venire panel, all I want to say at this point is that the State is asking questions about how a finder of fact, that would be you as the jurors, would go about assessing the witness and there's nothing wrong with voir dire in that area. We talked about the idea of consider a witness' demeanor, you consider any biases or interests that a witness might have in the matter, and that's just natural. All of that having been said, I want to tell you when you sit as a juror in a trial, we are not trying to present to you the idea you have got to get to the bottom of what happened no matter what. That is not your job. Your job is simply to assess the evidence as it comes in be it through the witnesses or the witness stand or otherwise, you take the evidence as you believe and you apply the standards and the laws as it's given to you in the instructions. So all I'm doing, I'm not saying [prosecutor] is not doing his job or doing anything incorrect, but I'm saying that in the course of being questioned about how you would assess a particular witness, we are not meaning to suggest to you that it's the job of the jury to get to the bottom of what happened one way or the other, that there's some sort of decision that you are going to be forced into making. You are simply going to assess the witness' demeanor and how they testify, and any interest and bias that they have and compare the testimony of the witness to whatever things that you believe, and you take the witness' testimony

3

for whatever weight you think it has, and you apply it to the instructions that will be given to you, and that's how you do it. So again, this is all fair game in terms of voir dire questioning, but I don't want it to be suggested to you during the course of the questions and you going to have to figure out everything and come to a conclusion beyond a reasonable doubt no matter what. You will be given further instructions along those lines. Thank you. [sic]

Appellant did not object to the court's curative instruction after it was given. The trial proceeded, and the jury convicted Appellant.

This appeal follows.

**Standard of Review**

While we typically review a claimed error in *voir dire* for abuse of discretion and prejudice, *State v. Beckett*, 540 S.W.3d 881, 886 (Mo. App. W.D. 2018), Appellant here concedes failing to preserve this issue for appeal and requests plain error review. Rule 30.20 provides that plain errors affecting substantial rights may be considered in the discretion of the court when the error has resulted in manifest injustice or miscarriage of justice.[2] In applying plain error review, this Court uses a two-step inquiry. First, we determine whether the claimed error is a "plain error[] affecting substantial rights." Rule 30.20. Substantial rights are involved if, facially, there are significant grounds for believing that the error is of the type from which manifest injustice or miscarriage of justice could result if left uncorrected. *Id.* An error is plain if it is "evident, obvious, and clear." *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). In the absence of a determination of facially substantial grounds for believing that manifest injustice or miscarriage of justice has resulted, "an appellate court should decline to review for plain error." *State v. Gonzalez*, 671 S.W.3d 846, 850 (Mo. App. E.D. 2023). "Jumping into a merits analysis without finding manifest injustice," however "ignores Rule 30.20's exclusivity." *Brandolese*, 601 S.W.3d at 528. Only if the appellant meets this first threshold step do we proceed to the second step of plain error review

---

[2] All Rule references are to the Missouri Supreme Court Rules (2022).

and determine whether the claimed error actually resulted in manifest injustice or miscarriage of justice. *State v. Walker*, 330 S.W.3d 122, 127 (Mo. App. E.D. 2010); *see also State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022).

**Discussion**

Appellant claims that the circuit court plainly erred by failing to adequately cure the State's misstatement of law made to the venire panel. Appellant argues that such failure was evident, obvious, and clear error, and that such error was manifest injustice or a miscarriage of justice because it was "likely outcome determinative," in that each venire person felt obligated to conclude that either Appellant or Victim was telling the whole truth. The State counters that Appellant waived plain error review by affirmatively acquiescing to the circuit court's curative instruction.

"Plain error review is waived when 'counsel has affirmatively acted in a manner precluding a finding that the failure [to object] was a product of inadvertence or negligence.'" *State v. Johnson*, 284 S.W.3d 561, 582 (Mo. banc 2009) (citing *State v. Mead*, 105 S.W.3d 552, 556 (Mo. App. W.D. 2003)). The Supreme Court has specifically limited this principle in the context of an appellant failing to object to—or themselves submitting—faulty jury instructions. *See, e.g., State v. Coyle*, 671 S.W.3d 702, 712 (Mo. App. W.D. 2023) ("Unless and until the Supreme Court re-evaluates the availability of plain error review of jury instructions in a criminal case, particularly when the defendant has affirmatively expressed no objection to the instructions at trial or has tendered a similarly defective instruction, we are without authority to conclude that plain error review has been waived.").

However, the limitation on waiver of plain error review for affirmatively stating "no objection" to faulty jury instructions has not been extended to prevent courts from considering

whether an appellant has waived plain error review by affirmatively agreeing with a circuit court's proposed curative instruction. *See, e.g., State v. Thompson*, 401 S.W.3d 581 (Mo. App. E.D. 2013). In *Thompson*, this Court found that the appellant had waived plain error review when the circuit court granted his motion to *voir dire* the jury about an emotional outburst, and the appellant then stated that he "was satisfied with the result of the trial court's voir dire of the jury," and did not renew his objection. *Id.* at 587. We held that "an affirmative agreement to a trial court's proposed course of action regarding a jury also waives subsequent appellate review of the trial court's judgment." *Thompson*, 401 S.W.3d at 587 (citing *State v. Collins*, 188 S.W.3d 69, 77 (Mo. App. E.D. 2006)). Here, in response to her objection, the court asked Appellant: "Is there anything I can say to kind of make sure [the State]'s not imposing some duty to get to the bottom of whatever happened, they just simply assess the witness[es] or the evidence [presented] and apply the law?" Appellant stated: "I think exactly what you just said, Judge." The court then delivered a curative instruction to the jury, pursuant to Appellant's request, and Appellant did not renew her objection.

Because Appellant waived plain error review, Point I is denied.

### Conclusion

For the reasons set forth above, the judgment is affirmed.


_____
Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.

6